# The United States Express Company

*v.*

## Albert W. Hutchins.

1. Evidence—*letter of third party.* In an action against an express company by a party who intrusted the company with a package of money to be carried to a third party, to recover for its loss, the company, on the trial, offered in evidence a letter, written by the party to whom the money was sent, directed to the plaintiff, and which a partner of the plaintiff had forwarded to an agent of the company, which the court refused to admit: *Held*, that the statements in the letter could not be used as evidence against the plaintiff, if they contained matter inculpating him, or were otherwise material, and that plaintiff's consent that his partner might send the letter to the company, was not an adoption by him of its contents.

2. Express company—*extent of their liability.* Express companies are insurers for the safe delivery of a money package intrusted to them for delivery to another person, and nothing can excuse them from their obligation safely to carry and deliver, but the act of God or the public nemy.

Appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

This was an action of assumpsit, by Albert W. Hutchins against the United States Express Company, to recover the sum of $2000, alleged to have been left in defendant's office in Latrona, Ill., to be forwarded by it to M. F. Hutchins, at Lowell, Massachusetts. The case was before this court at the January term, 1871, and reported in 58 Ill. 44. The material facts are stated in the opinion of the court.

Messrs. Williams & Burr, for the appellant.

Messrs. Weldon & Benjamin, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was an action of assumpsit, in the McLean circuit court, against an express company, for failing to deliver a package of money intrusted to them.

The cause has been twice tried, resulting on each trial in a verdict for the plaintiff for two thousand dollars.

The grounds relied on for a reversal of the judgment, are two: 1. Misdirection of the court in excluding a certain letter from the jury, offered by the defendant. 2. That the verdict is contrary to the law and the evidence.

On the first point, the letter in question was not written by the plaintiff, but by his cousin in Massachusetts, and was sent to an employee of the defendant by one Nelson, who was then, or had been, a partner in business with the plaintiff. The writer of the letter was the person to whom the package, said to contain the money, was sent. We are not of opinion the statements in the letter could be read as evidence against

the plaintiff, if they contained matter inculpating him, or were otherwise material. The whole purport of the letter is so unimportant that its admission or rejection could have prejudiced nobody. The mere fact that plaintiff consented that his partner, Nelson, might send the letter to Fuller, was not an adoption of its contents by the plaintiff, whatever they might be. But they were wholly unimportant. The writer of the letter had testified in the cause and so had the plaintiff.

On the remaining point, there is not what may be termed a conflict of evidence. The plaintiff's case was made out, if the jury believed his statements, by positive and uncontradicted testimony, and however much it may be shrouded in suspicion, however doubtful the fact may be of the deposit of money in the package delivered to the express company, the jury have found the fact, and it is impossible for this court to say they erred in so doing. It is not at all strange that a package of money, containing two thousand dollars, should be delivered to the agent of an express company to be transported to a distant State, nor is it strange or improbable that this plaintiff had that amount of money and dispatched it in that mode. He testifies, positively, to the fact, and being so delivered, the company must account for it. They became insurers for its safe delivery. Being so, nothing can excuse them from their obligation safely to carry and deliver, but the act of God or the public enemy.

This rule of the common law, the rigid application of which has given so much satisfaction and security to the commerce of nations, is properly invoked in cases like this.

Express companies have so many opportunities to do wrong, so many temptations are spread out before their employees, and such is the public necessity for intrusting them, every presumption should, of right, be against them, and should prevail, unless rebutted.

We perceive nothing in this case, suspicious as some portions of it may be, to justify us in disturbing the verdict, the

more especially as two juries, on substantially the same evidence, have found the same way.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*

| 67 | 351 |
| 33a | 38 |

| 67 | 351 |
| 35a | 29 |

| 67 | 351 |
| 148 | 379 |

| 67 | 351 |
| 160 | 253 |

| 67 | 351 |
| 54a | 459 |